CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
AUG 03 2016
JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| JERRY ADAMS,<br>    Petitioner, | Civil Action No. 7:15-cv-00594 |
| v. | **MEMORANDUM OPINION** |
| JAMES V. BEAL,<br>    Respondent. | By:  Hon. Michael F. Urbanski<br>      United States District Judge |

Jerry Adams, a Virginia inmate proceeding pro se, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Respondent filed a motion to dismiss, and Petitioner responded, making the matter ripe for disposition. After reviewing the record, the court grants Respondent's motion to dismiss.

## I.

Petitioner pleaded no contest to possessing cocaine, and the Circuit Court of Pulaski County sentenced him to an active term of sixty-one months' incarceration. During the same sentencing hearing, the state court also entered a revocation order that revoked nineteen years of Petitioner's previously suspended sentences and re-suspended fourteen years, thereby imposing an active term of sixty-months' incarceration. This revocation sentencing order was a consequence of Petitioner being convicted of possessing cocaine and failing a drug test while on probation.

On direct appeal, counsel filed an Anders[1] brief in the Court of Appeals of Virginia with a motion to withdraw. The Court of Appeals of Virginia afforded Petitioner the opportunity to file a pro se supplemental petition for appeal, which he did. On February 26, 2014, the Court of Appeals of Virginia granted counsel's motion for leave to withdraw and denied both counsel's and Petitioner's petitions for appeal as frivolous. Adams v. Commonwealth, No. 1430-13-3, slip

---

[1] See Anders v. California, 386 U.S. 738, 744-45 (1967).

op. at 1 (Va. Ct. App. Feb. 26, 2014). Petitioner failed to perfect an appeal to the Supreme Court of Virginia, and the Supreme Court of Virginia dismissed Petitioner's state habeas petition. Adams v. Beale, No. 150036, slip op. at 2 (Va. July 22, 2015).

Petitioner raises the following claims in the federal petition:

(a) Counsel was ineffective for not informing Petitioner of the Commonwealth's plea offer;

(b) The Court of Appeals of Virginia wrongly allowed counsel to withdraw;

(c) Counsel was ineffective for not consulting with Petitioner before filing a petition for appeal; and

(d) Counsel wrongly failed to notify the sentencing court that the revocation report incorrectly noted that Petitioner had not paid a fine.

After reviewing the state court record, the court finds that Petitioner is not entitled to habeas relief and dismisses the habeas petition.

## II.

Claims (b) and (d) are procedurally defaulted and meritless. The Supreme Court of Virginia declined to review claim (b) on habeas review because it was a claim that could have been raised on direct appeal but was not. Id. (citing Brooks v. Peyton, 210 Va. 318, 321-22, 171 S.E.2d 243, 246 (1969)); see, e.g., Fisher v. Angelone, 163 F.3d 835, 844 (4th Cir. 1998); Slayton v. Parrigan, 215 Va. 27, 205 S.E.2d 680 (1974). Petitioner did not previously present claim (d) to the Supreme Court of Virginia, and he would now be barred from returning to state court to present it for the first time. See, e.g., 28 U.S.C. § 2254(b); Baker v. Corcoran, 220 F.3d 276, 288 (4th Cir. 2000); Matthews v. Evatt, 105 F.3d 907, 911 (4th Cir. 1997); Va. Code § 8.01-654(A)(2), (B)(2). Consequently, claims (b) and (d) are procedurally defaulted.

Petitioner fails to describe cause and prejudice or a fundamental miscarriage of justice to excuse the default, and neither claim is meritorious. See, e.g., Coleman v. Thompson, 501 U.S.

722, 750 (1991). Claim (b) does not present a meritorious claim in light of the frivolous nature of the appeal and Anders v. California, 386 U.S. 738, 744-45 (1967). For claim (d), the Court of Appeals of Virginia determined that the trial court did not abuse its discretion in revoking the suspended sentences because he was convicted of a crime and failed a drug test while on probation, in violation of the terms of the suspended sentences. Accordingly, claims (b) and (d) must be dismissed.

### III.

A federal court may grant habeas relief from a state court judgment "only on the ground that [the petitioner] is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). After a state court addresses the merits of a claim also raised in a federal habeas petition, a federal court may not grant the petition unless the state court's adjudication of a claim is contrary to, or an unreasonable application of, clearly established federal law or based on an unreasonable determination of the facts.[2] 28 U.S.C. § 2254(d); see Cullen v. Pinholster, 563 U.S. 170, 180-81 (2011) ("[R]eview under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits.").

---

[2] The evaluation of whether a state court decision is "contrary to" or "an unreasonable application of" federal law is based on an independent review of each standard. Williams v. Taylor, 529 U.S. 362, 412-13 (2000). A state court determination is "contrary to" federal law if it "arrives at a conclusion opposite to that reached by [the United States Supreme] Court on a question of law or if the state court decides a case differently than [the United States Supreme] Court has on a set of materially indistinguishable facts." Id. at 413.

A federal court may issue the writ under the "unreasonable application" clause if the federal court finds that the state court "identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." Id. This reasonableness standard is an objective one. Id. at 410. A Virginia court's findings cannot be deemed unreasonable merely because it does not cite established United States Supreme Court precedent on an issue if the result reached is not contrary to that established precedent. Mitchell v. Esparza, 540 U.S. 12, 16 (2003).

A federal court reviewing a habeas petition "presume[s] the [state] court's factual findings to be sound unless [petitioner] rebuts 'the presumption of correctness by clear and convincing evidence.'" Miller-El v. Dretke, 545 U.S. 231, 240 (2005) (quoting 28 U.S.C. § 2254(e)(1)). Finally, "[a] state-court factual determination is not unreasonable merely because the federal habeas court would have reached a different conclusion in the first instance." Wood v. Allen, 558 U.S. 290, 301 (2010).

3

The Supreme Court of Virginia's disposition of claims (a) and (c) was not contrary to, or an unreasonable application of, clearly established federal law or based on an unreasonable determination of the facts. For claim (a), the Supreme Court of Virginia determined facts to be as follows:

> The record, including counsel's affidavit, demonstrates that counsel received an offer on April 5, 2013, for petitioner to plead guilty in exchange for serving four years with one year and six months suspended. This offer would expire on April 9, 2013, at noon. Counsel met with petitioner on April 8, 2013, and presented the offer. Counsel discussed the possible benefits and consequences of accepting the plea offer. Petitioner rejected the offer and insisted on a jury trial. The day of the scheduled jury trial, the prosecutor showed counsel that a smoking device found inside petitioner's residence was made from a prescription bottle that had petitioner's name and home address on it. When petitioner learned of this, he decided to waive the jury trial and plead nolo contendre. Counsel inquired of the prosecution whether the plea offer was still available, but the prosecution informed her it was not. Petitioner thereafter entered his plea without any agreement.

Adams, slip op. at 1-2. Consequently, the Supreme Court of Virginia held in accordance with Strickland v. Washington, 466 U.S. 668, 687 (1984), that counsel did not perform deficiently and that Petitioner was not prejudiced. Petitioner has not established that these factual findings were an unreasonable determination, and the Supreme Court of Virginia's adjudication of claim (a) was not contrary to, or an unreasonable application of, clearly established federal law. See Strickland, supra.

For claim (c), Petitioner argues that counsel was ineffective for not consulting with him about what issues to present in the petition for appeal to the Court of Appeals of Virginia. Instead of consulting with Petitioner, counsel filed an Anders brief. It is well settled that appellate counsel has substantial discretion in determining what issues to present on appeal, does not need to confer with a defendant in any particular manner or for any particular length, and

4

does not need to raise every colorable claim pressed by a defendant. See, e.g., Jones v. Barnes, 463 U.S. 745, 752-53 (1983). Nonetheless, Petitioner availed himself of the opportunity to file a pro se appellate brief, and the Court of Appeals of Virginia considered the claims presented in both counsel's Anders brief and Petitioner's pro se brief. Moreover, Petitioner failed to identify a meritorious appellate claim. Accordingly, Petitioner failed to establish deficient performance or prejudice under Strickland, and the Supreme Court of Virginia's adjudication of claim (c) was not contrary to, or an unreasonable application of, clearly established federal law.

## IV.

For the foregoing reasons, the court grants Respondent's motion to dismiss. Based upon the court's finding that Petitioner has not made the requisite substantial showing of a denial of a constitutional right as required by 28 U.S.C. § 2253(c), a certificate of appealability is denied.

ENTER: This 3rd day of August, 2016.

/s/ Michael F. Urbanski
United States District Judge

5

Case 7:15-cv-00594-MFU-RSB   Document 25   Filed 08/03/16   Page 5 of 5   Pageid#: 280